# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**            **Case No. 19-CR-127**

**DONALD STENSON**
    **Defendant.**

---

## DECISION AND ORDER

   Defendant Donald Stenson moves to withdraw his guilty plea.  For the reasons that follow, I deny the motion.

## I.  FACTS AND BACKGROUND

   The government charged defendant with seven counts of traveling in foreign commerce and engaging in illicit sexual conduct with minors, 18 U.S.C. § 2423(c) & (e), and seven counts of soliciting minors to engage in a commercial sex act, 18 U.S.C. § 1591(a)(1), (b)(2) & (c).  (R. 26.)  Initially represented by Federal Defender Services ("FDS"), on December 17, 2019, defendant filed a stipulation substituting retained attorneys Jason Luczak and Nicole Masnica of Gimbel, Reilly, Guerin and Brown as counsel.  (R. 24.)

   The magistrate judge had ordered defendant detained pending trial (R. 4, 21), but on April 13, 2020, the judge granted a defense motion to reopen the detention hearing, and on April 15, 2020, defendant was released to live with his sister (R. 52, 53).  The case was subsequently adjourned several times as the parties worked through discovery issues.  (R. 61-63.)  On February 26, 2021, I set the case for a projected guilty plea on April 23, 2021.  (R. 64.)

   On April 23, 2021, the parties filed a written plea agreement (R. 68), and later that day

defendant entered guilty pleas to two counts of sex trafficking minors in the Phillippines, contrary to § 1591 (R. 70). During the plea colloquy, defendant indicated that he had thought about pleading guilty and decided it was the most sensible option for him (R. 95 at 2:23-25); that he was "[v]ery satisfied" with his lawyers (R. 95 at 3:3); that he understood the charges and the various rights he was relinquishing by pleading guilty (R. 95 at 3:4-24); that he had reviewed the plea agreement with his lawyers and came to an understanding of it (R. 95 at 4:8-11); that he understood the penalties he faced (R. 95 at 4:12-20); that no one had forced him or threatened him to get him to plead guilty, or promised him anything other than what was in the plea agreement, and that he was pleading voluntarily (R. 95 at 5:4-9); and that the facts set forth in the attachment to the plea agreement were substantially true and correct (R. 95 at 5:10-13.) Based on these representations, I accepted his pleas. (R. 95 at 5:19-24.) On agreement, I continued bond and set the case for sentencing on July 23, 2021. (R. 95 at 6.)

On May 14, 2021, pre-trial services petitioned the court to schedule a bond revocation hearing based on alleged violations of defendant's release conditions. (R. 76.) On June 1, 2021, I held a hearing and remanded defendant into custody pending sentencing. (R. 78.)

On July 7, 2021, the defense requested an adjournment of sentencing; without objection, the date was moved to September 30, 2021. (R. 80.) On September 7, 2021, defendant filed a pro se letter indicating he had terminated the services of Gimbel, Reilly, Guerin and Brown and requesting counsel through Federal Defender Services. (R. 87.) I held a hearing on September 21, 2021, relieving Attorneys Luczak and Masnica and referring the matter to FDS for appointment of counsel. (R. 89.)

Attorney Victor Plantinga subsequently appeared for defendant as CJA counsel and, following several continuances to afford him time to get up to speed (R. 91, 96, 97, 99),

2

indicated that defendant would seek plea withdrawal (R. 100). I set a schedule (R. 100), pursuant to which defendant filed his motion on March 31, 2022 (R. 103).

In his motion and supporting affidavit, defendant indicated that he signed the plea agreement on the same day it was filed; although he had seen earlier versions of the agreement, he had not seen that particular version until that morning. (R. 104 at 2; R. 105 ¶ 4.) Defendant further averred that he was at the time dissatisfied with his lawyers because, contrary to his instructions, they had not retained a private investigator in the Philippines to investigate the charges against him. (R. 104 at 2; R. 105 ¶ 5.) He claimed that he wanted to change lawyers but had limited funds and was unaware counsel could be appointed. (R. 104 at 2; R. 105 ¶ 6.) Finally, defendant averred that on the morning of April 23, 2021, he had taken Clonazepam to help with anxiety (R. 105 ¶ 7), a medication he took irregularly and usually in the evening to help with sleep (R. 105 ¶ 8). He alleged that at the time he appeared in court for the plea hearing he was suffering from the side effects of the medication. (R. 105 ¶ 9.) "The side effects caused me to be anxious and distraught, and I was not in the right frame of mind when I appeared in court to enter my plea." (R. 105 ¶ 10.) He cited the website drugs.com as evidence of Clonazepam's possible side effects including memory problems, difficulty concentrating, and confusion. (R. 104 at 2.) He concluded that he had presented a fair and just reason for withdrawal because the plea was not knowingly and voluntarily entered given the circumstances surrounding his signing of the plea agreement and the alleged side effects of his medication. He requested that the court hold an evidentiary hearing. (R. 104 at 2.)

On May 12, 2022, the government responded to the motion (R. 111), and on May 31, 2022, defendant filed a reply (R. 112). On June 8, 2022, I issued an order indicating the matter

3

would be scheduled for an evidentiary hearing. (R. 114.) I set the hearing for August 8, 2022. (R. 115.)

At the hearing, defendant testified that he was 66 years old and had lived overseas for about 30 years prior to his arrest in this case, working as a teacher, consultant, and property owner. He was arrested on July 12, 2019, in West Allis, Wisconsin, and experienced a difficult time while detained. He was released on April 15, 2020, to live with his sister and other family members in Madison, but he described the home as hostile. He testified that his anxiety remained high and that he received mental health counseling through pre-trial services; he also took Clonazepam about once per week to help with sleep.

Defendant testified that his lawyers were based in Milwaukee, and their communication was not good. He signed the plea agreement on April 23, 2021, and then appeared for the change of plea hearing. He testified that he took Clonazepam that day; the medication made him appear calm but inside he was anxious, scared, and confused. He testified that he believed the medication affected his understanding of the proceedings and made him "compliant"; he answered "yes" to the court's questions because he was frightened and confused.

Defendant presented no additional witnesses or evidence in support of his motion.

## II. PLEA WITHDRAWAL STANDARDS

Once a guilty plea is accepted, it may only be withdrawn for a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). The defendant bears the burden of demonstrating a fair and just reason. United States v. Weathington, 507 F.3d 1068, 1071 (7th Cir. 2007). The Seventh Circuit recognizes several fair and just reasons to withdraw a plea, including legal innocence, actual innocence, and that the plea was not made knowingly and voluntarily. United States v.

4

Barr, 960 F.3d 906, 917 (7th Cir. 2020). Ineffective assistance of counsel that leads to the involuntary or unknowing entry of a guilty plea can also be such a reason. United States v. Merrill, 23 F.4th 766, 769 (7th Cir. 2022).

"In assessing the knowing and voluntary character of a defendant's waiver, the court should lend particular credence to the defendant's representations to the court during his plea colloquy, during which he is obligated to tell the truth." United States v. Alcala, 678 F.3d 574, 578-79 (7th Cir. 2012). Accordingly,

> [w]hen a defendant wishes to withdraw his plea after he states at a Rule 11 hearing that it was freely and knowingly given, he faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is fair and just. The presumption of verity is overcome only if the defendant satisfies a heavy burden of persuasion. The district court is generally justified in discrediting the proffered reasons for the motion to withdraw and holding the defendant to [his] admissions at the Rule 11 hearing.

United States v. Messino, 55 F.3d 1241, 1248 (7th Cir. 1995) (internal citations and quote marks omitted); see also United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005) ("[A] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction."). In assessing whether a defendant received ineffective assistance in the plea context, the court applies the familiar standard of Strickland v. Washington, 466 U.S. 668 (1984), asking whether the attorney's performance was objectively unreasonable and whether, but for the deficient performance, the defendant would not have pleaded guilty. Merrill, 23 F.4th at 769-70.

In examining a motion to withdraw a guilty plea, the district court has three options: permit withdrawal of the plea, conduct an evidentiary hearing, or deny the motion with an explanation as to why the evidence is insufficient to warrant a hearing. United States v. Rinaldi,

461 F.3d 922, 927 (7th Cir. 2006).  As indicated, I elected to hold a hearing in this case.

## III.  DISCUSSION

Defendant's motion raises three grounds for plea withdrawal: (1) insufficient time to review the plea agreement, (2) dissatisfaction with counsel, and (3) medication side effects. I address each in turn.

### A.    Plea Agreement

At the Rule 11 hearing, defendant stated that he went over the plea agreement with his lawyers, came to an understanding of it, and then signed it.  (R. 95 at 4:8-11.)  He has identified no portion of the agreement he did not understand, nor did he offer any testimony on this issue at the evidentiary hearing.  See United States v. Patterson, 576 F.3d 431, 436-37 (7th Cir. 2009) (rejecting the defendant's plea withdrawal claim that he had only 10 minutes to look at the plea agreement before he pled guilty in light of his earlier statement during the Rule 11 colloquy that he had reviewed the agreement and understood its terms).  At the evidentiary hearing, defendant testified that he had no familiarity with the law, but one need not have legal training to enter a knowing and voluntary plea; persons far less sophisticated that this defendant do so every day.  See, e.g., United States v. Hernandez, 731 F.3d 666, 670-71 (7th Cir. 2013).

### B.    Counsel

At the evidentiary hearing, defendant complained about the communication with his lawyers and indicated he was frightened of them, but during the plea colloquy he said he was "[v]ery satisfied" with counsel.  (R. 95 at 3:3.)  Other than his claim that the Clonazepam made him compliant, which I address below, he offered no explanation for the contradiction.

6

Defendant's other complaints about counsel lack record support. Defendant had more than a year to review the evidence with his lawyers before entering his plea, and he raised no concerns with their efforts during that time. Nor has he offered any evidence or explanation regarding counsel's alleged failure to hire an investigator in the Phillippines. See Hardamon v. United States, 319 F.3d 943, 951 (7th Cir. 2003) ("[A] petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced.") (internal quote marks omitted). At the evidentiary hearing, defendant testified that he wanted to withdraw his plea and go to trial, but a conclusory statement of this sort is insufficient. See Koons v. United States, 639 F.3d 348, 351 (7th Cir. 2011) ("To establish prejudice in the plea context, the defendant must demonstrate through objective evidence that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (internal citations and quote marks omitted).

In his papers, defendant claimed that he "felt pressured" because he did not think a new lawyer could be appointed (R. 104 at 2), but this claim is also contradicted by the plea colloquy, during which I advised defendant the court would "appoint a lawyer if that was necessary." (R. 95 at 3:15.) Defendant was similarly told, at his December 19, 2019, arraignment on the superseding indictment, that if he could not afford an attorney one would be appointed for him. (R. 94 at 4-5.)

## C. Medication Side Effects

At the evidentiary hearing, defendant testified that he believed his medication affected his ability to entering a knowing and voluntary plea, but he has presented no evidence from a

7

medical professional supporting the claim.  See United States v. Hardimon, 700 F.3d 940, 944 (7th Cir. 2012) ("To make a case for being permitted to withdraw his guilty plea when the judge's inquiries at the plea hearing had been adequate and had revealed no impairment of the defendant's ability to think, the defendant needs to present the affidavit of a qualified psychiatrist.").  Citation of a website detailing possible side effects is no substitute for specific evidence.  See id. (indicating that the defendant could have presented an affidavit describing the possible effects of his medications in the dosages prescribed and any indications that his ability to think had been materially impaired, but apparently "the defendant's lawyer could find no psychiatrist willing to provide an affidavit or testimony that would lay a factual basis for a finding of incompetence to plead").

Defendant's claim in this regard is also contradicted by the record.  In the plea agreement, which he apparently signed shortly before the Rule 11 hearing, defendant averred: "I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement."  (R. 68 at 17.)  As indicated, during the Rule 11 hearing, defendant assured me that he had gone over the agreement with his lawyers and understood it.  See United States v. Akinsola, 105 F.3d 331, 333 (7th Cir. 1997) (reviewing the terms of the plea agreement and the defendant's responses during the Rule 11 colloquy in determining whether a fair and just reason existed).  And nothing in his demeanor or the content of his responses suggested that he was anxious or distraught, or simply responding yes to every question.  See United States v. Walker, 447 F.3d 999, 1004-05 (7th Cir. 2006) (relying on the defendant's appearance, demeanor, and responses to deny plea withdrawal).  For instance, defendant sought clarification when he did not understand a

question (R. 95 at 2:22) and when asked about satisfaction with counsel responded, "Very satisfied, Your Honor." (R. 95 at 2:3.)

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion for plea withdrawal (R. 103) is denied.

**IT IS FURTHER ORDERED** that the case is scheduled for **TELEPHONIC STATUS** on **Tuesday, August 16, 2022, at 10:15 a.m.**

Dated at Milwaukee, Wisconsin, this 9th day of August, 2022.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge

9